IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ECOSHIELD PEST SOLUTIONS
PORTLAND, LLC,

        Plaintiff,

    v.

GRIT MARKETING, LLC; ZACHARY
SEAGER; and CORBIN HANSEN,

        Defendants.

Case No. 3:24-cv-00887-AB

OPINION & ORDER

Kelsie Gene Crippen
Lauren F. Blaesing
Markowitz Herbold PC
1455 SW Broadway Suite 1900
Portland, OR 97201

John C. Gray
Womble Bond Dickinson (US) LLP
201 E Washington St. Suite 1200
Phoenix, AZ 85004

    Attorneys for Plaintiff

1 – OPINION & ORDER

Christopher J.K. Swift
Kaley L. Fendall
Trisha Parikh O'Hollaren
Timothy M. Cunningham
Davis Wright Tremaine LLP
560 SW 10th Ave Suite 700
Portland, OR 97205

      Attorneys for Defendants

**BAGGIO, District Judge:**

Plaintiff EcoShield Pest Solutions Portland, LLC brought state tort, state price discrimination, state and federal antitrust, and federal Lanham Act claims against Defendants Grit Marketing, Zachary Seager, and Corbin Hansen. Compl., ECF No. 1; First Am. Compl. ("FAC"), ECF No. 33. After Plaintiff voluntarily dismissed its pending claims without prejudice, Defendants now move for entry of judgment with respect to claims previously dismissed with prejudice. Defs.' Mot. J., ECF No. 47. Defendants also move for attorney fees and costs. Defs.' Mot. Award Att'y Fees and Costs ("Defs.' Mot. Att'y Fees"), ECF No. 53; Bill of Costs, ECF No. 54. For the reasons below, the Court finds judgment to be a prerequisite to adjudicating attorney fees, denies Defendants' Motion for Entry of Judgment, and thus denies Defendants' request for attorneys fees. However, the Court grants Defendants' request for $27.50 in costs.

## BACKGROUND

Because resolution of these motions turns on procedural grounds, the Court does not recount the underlying facts. For a factual background, refer to the Court's previous opinions. *E.g.*, *EcoShield Pest Sols. Portland, LLC v. Grit Mktg., LLC*, No. 3:24-CV-00887-AB, 2025 WL 844259 (D. Or. Mar. 18, 2025) ("Op. & Order").[1]

---

[1] ECF No. 32.

2 – OPINION & ORDER

Plaintiff's initial Complaint alleged (1) tortious interference with economic relations; (2)–(4) price discrimination under Oregon Revised Statute § ("ORS") 646.040, ORS 646.070, and ORS 646.090; (5) state antitrust violations under ORS 646.730 and ORS 646.780; and (6) federal antitrust violations under 15 U.S.C. §§ 2, 15. Compl. ¶¶ 49–101. Defendants moved to dismiss all claims. Defs.' Mot. Dismiss, ECF No. 19. The Court denied Defendants' motion with respect to Plaintiff's tortious interference claim (count one), dismissed *with* prejudice Plaintiff's price discrimination claims (counts two, three, and four), and dismissed without prejudice Plaintiff's antitrust claims (counts five and six). *See generally* Op. & Order. Plaintiff subsequently filed a First Amended Complaint, re-alleging claims for tortious interference with economic relations; state antitrust violations under ORS 646.730 and ORS 646.780; and federal antitrust violations under 15 U.S.C. §§ 2, 15. FAC ¶¶ 72–126. Plaintiff also added three new claims for racketeering activity under ORS § 166.725(7)(a) and ORS § 166.720(1)–(4); racketeering activity under 18 U.S.C. § 1962(a)–(c) and § 1964; and unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125. FAC ¶¶ 127–229. Defendants again moved to dismiss all claims. Defs.' Mot. Dismiss FAC, ECF No. 37. Oral argument was scheduled for October 3, 2025. Scheduling Order, ECF No. 44. On September 30, a few days before oral argument and before Defendants had filed an answer or moved for summary judgment, Plaintiff filed a notice of voluntary dismissal to dismiss the action "in its entirety and without prejudice" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Notice of Voluntary Dismissal, ECF No. 45. On October 15, 2025, Defendants moved for entry of judgment on the Oregon price discrimination claims that the Court previously dismissed with prejudice. Defs.' Mot. J. Defendants also moved for an award of attorney fees and costs. Defs.' Mot. Att'y Fees.

//

3 – OPINION & ORDER

**STANDARDS**

This dispute turns on the interplay between Federal Rule of Civil Procedure 41, which governs dismissal, and Rules 54 and 58, which govern judgments. Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 54(b) sets forth, in relevant part: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 58 establishes that "[e]very judgment and amended judgment must be set out in a separate document" and that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(a), (d).

**DISCUSSION**

Defendants move for entry of judgment and an award of attorney fees and costs. Defs.' Mot. J.; Defs.' Mot. Att'y Fees. The Court first addresses whether the Court must reach the entry of judgment issue to adjudicate attorney fees. Finding that judgment is a prerequisite for attorney fees under the relevant Oregon statutes, the Court concludes that it retains authority to enter such a judgment in certain circumstances. However, because this case does not fit those circumstances, the Court denies Defendants' Motion for Entry of Judgment. This denial forecloses an award of attorney fees.

**I.    Necessity of a Judgment**

Defendants suggest at times that the Court may adjudicate the attorney fees motion without entering judgment. *See, e.g.*, Defs.' Mot. J. 6–7; Defs.' Reply Supp. Mot. J. ("Defs.' Reply") 8 n.5 (suggesting Plaintiff's position in conferral that the Court may only award fees as a

4 – OPINION & ORDER

collateral issue on a previously entered judgment prompted Defendants to pursue entry of

judgment but citing cases awarding fees without a prior judgment), ECF No. 52. To avoid

reaching unnecessary issues, the Court first considers whether it may adjudicate attorney fees

without reaching the entry of judgment dispute. The Court finds that while a judgment is not

always a prerequisite to an attorney fees award, the Court agrees with Plaintiff that a judgment is

a prerequisite in this case because of the Oregon attorney fee statutes upon which Defendants

rely.

"It is well established that a federal court may consider collateral issues after an action is

no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Collateral

issues include "motions for costs or attorney's fees . . . ." *Id.* "In an action where a federal district

court exercises subject matter jurisdiction over a state law claim, so long as state law does not

contradict a valid federal statute, 'state law denying the right to attorney's fees or giving a right

thereto, which reflects a substantial policy of the state, should be followed.'" *Avery v. First

Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (quoting *MRO Commc'ns, Inc. v.

AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999)).

Defendants are correct insofar as a judgment is not always a prerequisite to attorney fees:

where the applicable law allows for a prevailing party determination without a judgment or

provides for an award of attorney fees at earlier stages of litigation, courts may award attorney

fees in the absence of a judgment. For example, in *Teece v. Kuwait Financial House*, the Ninth

Circuit affirmed an attorney fee award after the plaintiff voluntarily dismissed his action

pursuant to Rule 41(a)(1).  667 F. App'x 931, 931 (9th Cir. 2016) (citing *Cooter*, 496 U.S. at

394–95). The key distinction between cases like *Teece* and the instant one is the contractual or

statutory basis for the attorney fee award. In *Teece*, the district court found the defendants to be

5 – OPINION & ORDER

the prevailing party where (1) the plaintiff's claims were "in connection with" a contract between the parties that provided attorney fees "for 'legal consultancy . . . in relation' to the [contract]" and (2) California law provided that in making a contractual award for attorney fees where the contract does not define "prevailing party[,] . . . 'a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise.'" *Id.* at 932 (quoting *Santisas v. Goodin*, 17 Cal. 4th 599, 951 P.2d 399, 414 (1998)). Similarly, some statutes provide for attorney fees at pre-judgment stages of litigation. *See, e.g.*, *Kelly v. TD Bank USA, N.A.*, No. 3:21-cv-00242-SB, 2022 WL 4791981, at *7 (D. Or. 2022), *report and recommendation adopted*, 2022 WL 4776347 (D. Or. Oct. 3, 2022) (analyzing attorney fee motion sans judgment where the Fair Credit Reporting Act provides for attorney fees upon a bad faith or harassing "pleading, motion, or other paper") (quoting 15 U.S.C. § 1681n(c)). In short, where the applicable law allows for a prevailing party determination without a judgment or an attorney fee award at earlier stages of litigation, a judgment may not be a prerequisite.

Here, Defendants seek attorney fees stemming from Plaintiff's state law price discrimination claims; therefore, Oregon law controls. *See Avery*, 568 F.3d at 1023. The Oregon price discrimination statute provides that "court[s] may award reasonable attorney fees to the prevailing party in an action under this section." ORS 646.140(1); *see also Yamaha Store of Bend Oregon, Inc. v. Yamaha Motor Corp., U.S.A.*, 311 Or. 88, 96–97, 806 P.2d 123 (1991). In turn, Oregon statute defines "prevailing party" as "the party who receives a favorable judgment or arbitration award on the claim." ORS 20.077; *see also Mindful Insights, LLC v. VerifyValid, LLC*, 301 Or. App. 256, 269, 454 P.3d 787 (2019) (holding prevailing party is to be determined on a claim-by-claim basis); *Long v. Farmers Ins. Co. of Oregon*, 360 Or. 791, 796, 388 P.3d 312

6 – OPINION & ORDER

(2017) (citing ORS 20.077 in analysis of Oregon statutes as example in support of proposition that "[t]he allowance of costs, including attorney fees, is and always has been associated with the issuance of a judgment"). Because the Oregon statute controlling the award of attorney fees for the price discrimination claim establishes a judgment or arbitration award as a prerequisite, and because entry of judgment on the merits of Plaintiff's claims is more than a collateral action, a judgment is a prerequisite to Defendants' request for attorney fees.

## II.    Entry of Judgment

Defendants move the Court to enter judgment consistent with the March 18, 2025, Opinion and Order in which the Court dismissed Plaintiff's Oregon price discrimination claims with prejudice. Defs.' Mot. J. 2. Plaintiff counters that voluntary dismissal under Rule 41(a)(1)(A)(i) extinguishes this Court's jurisdiction and renders the prior proceedings a nullity. Pl.'s Resp. Mot. J. 4–12, ECF No. 51. Plaintiff also argues that Defendants erroneously move for entry of judgment under Rule 58(d) or Rule 60 but that Rule 54(b) is controlling. *Id.* at 16–18. The Court disagrees with Plaintiff's categorical absoluteness with respect to the effect of the Rule 41 dismissal but finds Rule 54(b) controls and precludes entry of judgment.

### A.    Jurisdiction

Plaintiff argues that its Rule 41(a)(1)(A)(i) dismissal extinguished this Court's jurisdiction and rendered prior proceedings a nullity. Pl.'s Resp. Mot. J. 4–12. Plaintiff relies on cases such as *Commercial Space Management Co. v. Boeing Co.* where the Ninth Circuit wrote, "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." 193 F.3d 1074, 1078 (9th Cir. 1999); *see also City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (noting

7 – OPINION & ORDER

voluntary dismissal "leaves the situation as if the action never had been filed") (citation modified). While the emphatic language in these cases may apply to claims that are the subject of the dismissal, the Court disagrees with Plaintiff that a Rule 41(a)(1)(A)(i) dismissal categorically extinguishes this Court's jurisdiction to enter judgment on claims previously dismissed with prejudice. The Ninth Circuit has, in certain circumstances, relied upon judgments entered after a Rule 41(a)(1) dismissal to establish its appellate jurisdiction. *See, e.g.*, *Robertson v. Dean Witter Reynolds*, 749 F.2d 530, 533 (9th Cir. 1984) (relying upon judgment entered after Rule 41 voluntary dismissal for creation of appellate jurisdiction); *Galaza v. Mayorkas* (*Galaza II*), 61 F.4th 669, 671 (9th Cir. 2023) (same). The pertinent question is whether this case fits the circumstances in which the Ninth Circuit has allowed entry of judgment on previously-adjudicated claims following a voluntary dismissal without prejudice of remaining claims.

B.      Rules 54, 58, and 60

Rule 54(a) defines a judgment as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). In other words, the Federal Rules define judgment in terms of appellate jurisdiction. "'[T]he general rule in this circuit' is that 'voluntary dismissals without prejudice do not create appealable, final judgments.'" *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (quoting *Romoland Sch. Dist. v. Inland Empire Energy Ctr.,* LLC, 548 F.3d 738, 748 (9th Cir. 2008)); *see also Galaza v. Wolf* (*Galaza I*), 954 F.3d 1267, 1270 (9th Cir. 2020) ("[A] 'voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal.'" (quoting *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995))).

The Ninth Circuit has articulated an exception to this rule in two circumstances. The first circumstance arises when "1) there was no evidence of any attempt to manipulate appellate jurisdiction; and 2) the plaintiff had sought the district court's permission to dismiss the

8 – OPINION & ORDER

remaining claims." *Galaza I*, 954 F.3d at 1270 (citing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066–68 (9th Cir. 2002)). The second circumstance occurs where the Circuit treats a dismissal *without* prejudice as a dismissal *with* prejudice because of the clear intent of the district court and the parties. *Id.* at 1270 n.2 (citing *Romoland*, 548 F.3d at 750; *Concha*, 62 F.3d at 1508–09).

The first circumstance is generally cabined to dismissals under Rule 41(a)(2) because Rule 41(a)(2) dismissals require court involvement. For example, in *James*, the district court granted defendants' motion for partial summary judgment; the plaintiff sought dismissal of her other claims under Rule 41(a)(2); the district court granted dismissal of the other claims under Rule 41(a)(2) and entered judgment on the claims decided by summary judgment. 283 F.3d at 1065. The Ninth Circuit found the judgment created appellate jurisdiction because there was "no evidence [the plaintiff] attempted to manipulate . . . appellate jurisdiction" and because the court was involved pursuant to Rule 41(a)(2). *Id.* at 1066.

With respect to the second circumstance, in *Concha*, while the plaintiffs' motion to remand was pending, the parties stipulated that if the motion to remand was denied, "plaintiffs will dismiss the state action against [the defendants], *with plaintiffs preserving any and all appeal rights* in the state action." 62 F.3d at 1505. The district court ultimately denied the motion to remand, the plaintiffs moved to dismiss without prejudice under Rule 41(a)(1), and then the plaintiffs appealed the denial of motion to remand. *Id.* The Ninth Circuit reiterated that "a voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal" and that the dismissal was undoubtedly without prejudice. *Id.* at 1507. Nevertheless, the Ninth Circuit found, "[i]n this unusual case," the "stipulation makes clear that the parties intended that the [plaintiffs] be afforded the right to appeal the denial of the motion to remand"

9 – OPINION & ORDER

and thus that it was "clear" that all the parties intended the dismissal to be with prejudice. *Id.* at 1508–09.

Here, the facts do not fit either exception. With respect to the first exception, the instant case is unlike *James* and other Rule 41(a)(2) cases because dismissals under that provision require court approval, while voluntary dismissal under Rule 41(a)(1)(A)(i) is effective without court involvement. Fed. R. Civ. P. 41(a)(1)(A)(i) (providing under this rule a plaintiff "may dismiss an action *without court order* . . .") (emphasis added). With respect to the second exception, Plaintiff explicitly stated that the dismissal was without prejudice, Notice of Dismissal 1, and there is every indication Plaintiff intended dismissal without prejudice, *see* Cunningham Decl. Ex. 1 (Plaintiff's subsequently-filed state court complaint), ECF No. 48-1. Thus, neither exception as summarized in *Galaza* applies. *See also MacDonald v. United States*, 578 F. App'x 641 (9th Cir. 2014) (disclaiming jurisdiction where plaintiff-appellant "voluntarily dismissed his case without prejudice after the district court dismissed some of his claims based on motions of the [defendants]" and did not fit the "two exceptions to [the voluntary-dismissal-without-prejudice] rule").

One Ninth Circuit decision—*Robertson*—that predates the above caselaw offers Defendants' best case. 749 F.2d at 534. In *Robertson*, the defendant moved to dismiss all six counts; the district court dismissed two counts *with* prejudice; the plaintiff voluntarily dismissed the remaining counts under Rule 41(a); the district court "then entered judgment dismissing the action[;]" the plaintiff appealed one of the counts that the court dismissed with prejudice; and the Ninth Circuit found appellate jurisdiction. *Id.* The Ninth Circuit reasoned that "[b]ecause the [district court] order disposed of the action and not merely the complaint, we have jurisdiction." *Id.* The problem for Defendants is that subsequent Ninth Circuit decisions have interpreted

10 – OPINION & ORDER

*Robertson* as fitting squarely within the exceptions to the general rule set forth above. Consider

Judge Paez's concurrence in *Galaza*:

> We have continued to construe voluntary dismissals without prejudice under Rule 41(a)(1) as being with prejudice where it is clear that is what the parties intended. *See, e.g.*, [*Robertson*, 749 F.2d at 533; *Romoland*, 548 F.3d at 746–51]. We do not have jurisdiction . . . where the parties intended to preserve the possibility of re-filing their dismissed claims at a later date, *see Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074–75 (9th Cir. 1994); *Cheng v. C.I.R.*, 878 F.2d 306, 311 (9th Cir. 1989).

954 F.3d at 1274 (Paez, J. concurring). Because it is clear that Plaintiff here did *not* intend

dismissal *with* prejudice, the *Robertson-James-Galaza* line of cases is of little help to Defendant.

*\*\*\**

The above cases generally conduct their analysis focused on dismissal under Rule 41

rather than judgment under Rules 54, 58, or 60. But the alternative approach—beginning with

Rules 54, 58, and 60—is also unavailing for Defendants.

Defendants urge the Court to enter judgment under either Rule 58 or Rule 60. Defs.'

Mot. J. 4–6, 8–9. Plaintiff counters that "Rule 54 is the relevant rule." Pl.'s Resp. Mot. J. 18. For

the first time in reply, Defendants incorporate Rule 54 as an authority for the Court to enter

judgment. Defs.' Reply 11 (arguing "judgment may be entered under Rule 58 (and potentially

Rule 54(b)) on previously dismissed claims after a voluntary dismissal"). The Court finds that

Rule 54(b) controls and, like the above analysis, counsels against entry of judgment.

Rule 54(b) governs judgment in cases with multiple claims or involving multiple parties.

Defendants argue that while Rule 54 "might have been the [relevant rule if Plaintiff] had moved

for entry of judgment while other claims were still pending, Plaintiff's voluntary dismissal means

that no claims survive and Rule 58 is thus the 'relevant rule.'" Defs.' Reply 11 n.6. But

Defendants' own citations belie this contention. Defendants cite *James* as an example where the

11 – OPINION & ORDER

district court entered judgment following plaintiff's voluntary dismissal without prejudice. Defs.'

Reply 4. The *James* panel wrote:

> By entering a final judgment under Rule 58 as to the claims under the 1977–82 contracts, the district court made a determination that its adjudication of those claims was ripe for review; this is a judgment highly analogous to one the district court would have been required to make had [the plaintiff] chosen not to dismiss the remaining claims. Indeed, Rule 58 specifically calls attention to the requirements of Rule 54(b), and we have no reason to doubt that the district court was mindful of the interplay between the two rules.

283 F.3d at 1068–69; *see also Galaza*, 954 F.3d at 1271 (citing only Rule 54(b) and not citing

Rule 58); *MacDonald*, 578 F. App'x at 642–43 (citing only Rule 54(b) in discussion of appellate

jurisdiction and *James*). These decisions do not view the voluntary dismissal of remaining claims

as transforming a multi-claim action—which would be analyzed under Rule 54(b)—into a

single-claim action ready for Rule 58. Put another way, when courts have done what Defendants

ask this Court to do, they are (or are assumed to be) mindful of the requirements of Rule 54(b).

And Rule 58 requires nothing less. *See* Fed. R. Civ. P. 58(b) (couching requirements as

"[s]ubject to Rule 54(b)").

Turning to those Rule 54(b) requirements, the district court's role is to "evaluat[e] . . . the

interrelationship of the claims so as to prevent piecemeal appeals . . . ." *Curtiss-Wright Corp. v.

Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). Indeed, upon reviewing a district court's Rule 54(b)

certification, the Ninth Circuit first asks, "whether the certified order is sufficiently divisible

from the other claims such that the 'case would [not] inevitably come back to this court on the

same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood

v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005)). A judgment under Rule 54(b) "is not

routine" and "should not become so." *Wood*, 422 F.3d at 879. Here, Defendants seek a judgment

with respect to Plaintiff's Oregon price discrimination claims. Plaintiff's price discrimination

12 – OPINION & ORDER

claims have significant overlap with other, nonfinal, claims. *Compare* Compl. ¶ 57 (alleging, in the tortious interference claim, that Defendants "paid and continue to pay cancellation fees for Plaintiff's customers . . . ."), *with* Compl. ¶ 75 (alleging, in one of the price discrimination claims, that "Defendants have made and continue to make cash payments . . . to Plaintiff's customers to cancel their existing contracts with Plaintiff . . . .").

The Court recognizes that Plaintiff proceeded to state court and thus appeals would not accrue to the Ninth Circuit. *See* Cunningham Decl. Ex. 1. But the operative consideration is that Plaintiff had the right, at the time it voluntarily dismissed the remaining claims, to re-file those claims in federal court once more. *See* Rule 41(a)(1)(B) ("[I]f the Plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Consider the following hypothetical if the Court had entered judgment on the price discrimination claims upon Plaintiff's voluntary dismissal. At the moment at which the Court entered judgment, but before Plaintiff had re-filed its claims, Plaintiff would have in its pocket (1) an appealable judgment with respect to the price discrimination claims and (2) multiple other claims, dismissed without prejudice, that it could refile in federal court. Thus, if the Court had entered judgment, Plaintiff could have (1) appealed the price discrimination claims and (2) refiled the remaining claims in federal district court. The Court would have certified some claims for appeal while still adjudicating factually interrelated claims at the district court. This prospect is precisely what Rule 54(b) seeks to avoid.

Finally, Defendants contend that entry of judgment is proper under Rule 60(a). Defs.' Mot. J. 8–9. This Rule allows for the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It is axiomatic that if entry of judgment is not proper under the

13 – OPINION & ORDER

controlling Rules, as explained above, it was not a clerical mistake or oversight to not enter it in the first place.

The Court recognizes the peculiarity of this result. As a pragmatic matter, Defendants prevailed on the price discrimination claims when they obtained dismissal with prejudice. Had Defendants answered or moved for summary judgment, thus requiring court involvement in the dismissal under Rule 41(a)(2), the outcome may be different. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286 (9th Cir. 2023) ("[The Ninth Circuit has] repeatedly stated that a district court can award costs and attorney's fees as a condition of dismissal without prejudice under Rule 41(a)(2).") But where, like here, (1) state statute establishes judgment as a prerequisite for attorney fees, (2) Plaintiff moved for voluntary dismissal without court involvement under Rule 41(a)(1)(A)(i) because Defendants had not answered or moved for summary judgment, and (3) there are factually interrelated claims dismissed without prejudice, the Court finds Rule 54(b) precludes entry of judgment and thus precludes award of attorney fees.

### III.    Costs

Defendants also move for an award of costs. Defs.' Mot. Att'y Fees 2. Defendants request $27.50 for "printed or electronically recorded transcripts necessarily obtained for use in the case." Bill of Costs 1. Plaintiff does not directly address the Bill of Costs in its response. *See* Pl.'s Resp.

In contrast to attorney fees, where a federal court exercising subject matter jurisdiction over a state law claim follows state law attorney fee provisions, *Avery*, 568 F.3d at 1023, the award of costs is an issue of procedure, and thus federal law governs. *E.g.*, *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard

14 – OPINION & ORDER

costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases."); *Am. Incentive Advisors LLC v. W. Landscape and Pavers LLC*, No. C23-956-KKE, 2025 WL 814370, at *3 (W.D. Wash. Mar. 13, 2025) ("[I]n federal court, the awards of costs is an issue of procedure, and thus federal law governs.") (citation modified).

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 758 (9th Cir. 2010). Unlike Oregon law, which defines "the prevailing party [as] the party who receives a favorable judgment or arbitration award on the claim[,]" ORS 20.077(2), at federal law, "[t]o be a prevailing party, a litigant must achieve a material alteration of the legal relationship of the parties, and the alteration must be judicially sanctioned[,]" *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1182 (9th Cir. 2010) (citation modified).[2]

Here, Defendants prevailed on Plaintiff's Oregon price discrimination claims when they obtained dismissal with prejudice. A dismissal with prejudice is textbook alteration of the legal relationship because Plaintiff is "judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Defendants seek $27.50 in costs related to fees for transcripts, which is a recoverable cost. *See* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following . . . (2)

---

[2] This Court's local rules are not to the contrary. Local Rule 54-1(a) provides, in relevant part: "Not later than 14 days after entry of judgment or receipt and docketing of the appellate court's mandate, the prevailing party may file and serve on all parties a Bill of Costs that provides detailed itemization of all claimed costs." The Court reads this as a timeliness provision, not as a requirement for judgment.

15 – OPINION & ORDER

[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . .). Therefore, the Court awards Defendants $27.50 in costs.

**CONCLUSION**

The Court DENIES Defendants' Motion for Entry of Judgment [47]. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Attorney Fees and Costs [53]. Because costs are a feature of federal procedure and Defendants are a prevailing party under federal law, the Court GRANTS Defendants' Bill of Costs [54]. Because judgment is a prerequisite to recover attorney fees under the Oregon price discrimination statute and related Oregon attorney fee statutes, the Court DENIES Defendants' request for attorney fees.

IT IS SO ORDERED.

DATED this __7th__ day of May, 2026.

_____
AMY M. BAGGIO
United States District Judge

16 – OPINION & ORDER